IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 4:20-cr-288-DPM |
| NOWLIN, EMILY ET AL | |

<u>MOTION FOR CONTINUANCE</u>

    Defendant, Emily Nowlin, by and through his counsel, Adam Joseph Childers respectfully moves the Court to continue the trial date in the above-captioned case from May 23, 2022 to a date convenient to the Court on or after August 1, 2022, with a new pretrial motion deadline set accordingly. Counsel believes under 18 U.S.C. § 3161(h)(7), the Court will find a continuance outweighs the best interests of the public and the defendant in a speedy trial. This motion is unopposed by the government – as represented by Assistant United States Attorney Stacy Williams.

    1. On February 3, 2021, the Grand Jury returned an Indictment charging Ms. Nowlin with voluntarily and intentionally conspired with others known and unknown to the grand jury, to maliciously damage and destroy, by means of fire, a vehicle, namely: a patrol car located at the Arkansas State Police Headquarters, which was owned in whole or in part and possessed by the State of Arkansas, an organization receiving federal financial assistance, in violation of Title 18, United States Code, Section 844(f)(l). All in violation of Title 18, United States Code, Section 844(n).

2. Additionally, the Grand Jury charged Ms. Nowlin with maliciously damaged and destroyed, by means of fire, a vehicle, namely: a patrol car located at the Arkansas State Police Headquarters, which was owned in whole or in part and possessed by the State of Arkansas, an organization receiving federal financial assistance. All in violation of Title 18, United States Code, Section 844(f)(l). And she knowingly possessed a firearm, that is: a destructive device, commonly known as a Molotov cocktail, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is a violation of Title 18, United States Code, Section 844(f)(l) as charged in Count Seven of this Indictment.

3. Finally, Ms. Nowlin was charged in Count IX with having knowingly possessed a firearm, as that term is defined in Title 26, United States Code, Section 5845(a), that is: a destructive device, commonly known as a Molotov cocktail, not registered to any defendant in the National Firearms Registration and Transfer Record. All in violation of Title 26, United States Code, Sections 5861(d), 5841, and 5871.

4. On February 25, 2021, Ms. Nowlin made her Initial Appearance, entered a Plea of Not Guilty Plea and a trial date of May 23, 2022 is presently set.

5. To date, Assistant United States Attorney Stacy Williams and counsel have conferred about the status and exchange of discovery in a productive and open manner.

6. Undersigned counsel will require additional time beyond the current trial date of May 23, 2022 to investigate the matter, meet with Ms. Nowlin in order to review the voluminous discovery and investigate all the factual allegations, and continue the productive and on-going discussion with Assistant United States Attorney Stacy Williams.

For these reasons, the defense requests that the Court find:

1. taking into account the exercise of due diligence, a failure to grant a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, due to counsel's need for more time to review the evidence,

2. consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv).

3. a failure to grant a continuance would likely result in a miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i); and

4. the additional time requested is a reasonable period of delay, as counsel has requested more time to prepare for trial, to investigate the matter, to gather evidence material to the defense, and to consider possible defenses; and

5. the Government has produced discovery that will require additional time to review and conduct follow-up investigation. The case is sufficiently complex that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the current trial schedule, as set forth in 18 U.S.C. § 3161(h)(7)(B)(ii); and

6. the ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendant in a speedy trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

7. the additional time requested between the current trial date September 27, 2021, and the new trial is necessary to provide counsel for the

defendant reasonable time to prepare for trial considering counsel's schedule and all the facts set forth above.

8. Ms. Nowlin indicates that she understands the nature and amount of discovery that needs to be reviewed and the trial preparation that needs to occur and she does not object to a continuance of the trial date.

9. Therefore, the defense respectfully requests the court to find a continuance of the trial date outweigh the best interests of the public and the defendant, and the trial date be continued to a date after January 1, 2022, and a new pretrial motions due date consistent with the trial date.

Respectfully submitted,

Adam Joseph Childers Ark. Bar No. 2013035 CHILDERS LAW FIRM, PLLC 315 N. Broadway St.
North Little Rock, Arkansas 72114 Tel (501) 725-2787 / Fax (501) 375-3045
e-mail: adam@ajchilderslaw.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Stacy Williams
U. S. Attorney's Office Eastern District of Arkansas
Post Office Box 1229
Little Rock, AR 72203-1229
501-340-2600